IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MUSAALEH MUHAMMAD,

                    Petitioner,

    v.

L. WILLIAMS,[1]

                    Respondent.

OPINION & ORDER

16-cv-274-jdp

---

       Pro se petitioner Musaaleh Muhammad is a prisoner in the custody of the Federal Bureau of Prisons (BOP) currently housed at the Oxford Federal Correctional Institution (FCI-Oxford). Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that he is entitled to a one-year sentence reduction for completing a drug treatment program. Dkt. 1.

       The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (This rule may also be applied to habeas petitions not brought under § 2254, including § 2241 petitions. Rule 1(b), Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243.) Under Rule 4, I will dismiss the petition only if it plainly appears that petitioner is not entitled to relief; otherwise, I will order respondent to show cause as to why I should not grant the petition. Because petitioner has not demonstrated that he is in custody in violation of the Constitution, I will dismiss the petition.

---

[1] L. Williams has replaced L.C. Ward as warden of FCI-Oxford, and I have updated the caption accordingly.

ALLEGATIONS OF FACT

I draw the following facts from the petition and its attachments.

Petitioner successfully completed the BOP's 500-hour residential drug abuse program (RDAP), but the BOP did not give petitioner the one-year sentence reduction that typically accompanies successful completion of the program. Petitioner contends that the BOP incorrectly believes that one of petitioner's previous convictions prevents him from receiving the sentence reduction.[2] Petitioner contends that RDAP graduates with identical criminal histories have received the reduction and that, as a result, the BOP is not affording petitioner the benefit of equal protection under the law.

ANALYSIS

Section 2241 provides that the "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Petitioner contends that he should receive a one-year sentence reduction for completing RDAP, pursuant to 18 U.S.C. § 3621(e)(2)(B), which provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." The statute itself

_____

[2] The BOP's response to one of petitioner's administrative complaints states that he has a previous conviction for aiding and abetting aggravated robbery, in violation of Minn. Stat. §§ 609.495, 609.245. Dkt. 1-1, at 4.

categorically excludes inmates convicted of violent offenses from receiving the sentence reduction. And even if a prisoner is otherwise eligible for early release, the one-year sentence reduction is discretionary. *Lopez v. Davis,* 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.").

The discretion built into the statute allows the BOP to categorically exclude prisoners from receiving the one-year sentence reduction based on their preconviction conduct, including previous convictions. *Id.* at 244; *Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004) ("The Supreme Court held that the new policy is lawful, because a power to deny participation case-by-case implies a power to exercise discretion categorically and establish a rule that affects all situations."). The BOP, in its discretion, has determined that prisoners "who have a prior felony or misdemeanor conviction within the ten years prior to the date of sentencing for their current commitment for . . . robbery," and inmates who have a prior conviction for attempted robbery, are not eligible for early release. 28 C.F.R. § 550.55(b)(4)(iii), (b)(6). From petitioner's submissions, it appears that the BOP has determined that petitioner is not eligible for early release as a result of his prior conviction for aiding and abetting aggravated robbery. But public records indicate that that conviction is from more than ten years before petitioner's federal sentencing. On this record, I cannot be sure whether any regulations categorically exclude petitioner from receiving the one-year sentence reduction.

But even if petitioner *were* eligible for the sentence reduction, as he contends, he is not *entitled* to the discretionary sentence reduction, and, as a result, he has not demonstrated that

he is being held in violation of the Constitution. "Section 3621(e)(2)(B) permits but does not compel early release, so it would be difficult to say that the custody violates even a statute[,]" much less the constitution. *Bush v. Pitzer*, 133 F.3d 455, 456 (7th Cir. 1997). Because petitioner is not automatically entitled to a one-year sentence reduction—even if he were eligible for it—he has not stated a claim for habeas relief. *See Richmond*, 387 F.3d at 605 ("The difference between a claim of entitlement to be released, and an opportunity to be considered for release, also affects the choice between § 2241 and a mundane civil action[.]"); *Martin v. Holinka*, No. 10-cv-391, 2011 WL 382913, at *1 (W.D. Wis. Feb. 3, 2011) (declining to consider a petitioner's claim under § 2241 because "if petitioner prevailed on his claim, [the court] would direct the bureau to exercise its discretion in determining an appropriate sentence reduction for petitioner, but [the court] could not order petitioner's release on a particular date"). The writ of habeas corpus is not designed to address this type of complaint. Victory here would not entitle petitioner to any change in the duration or fact of his confinement; it would, at best, result in an order directing the BOP to reconsider whether he is eligible for a sentence reduction.

Petitioner also claims that "RDAP graduates with the identical criminal history have received the 1 year reduction[.]" Dkt. 1, at 2. But again, even assuming that the BOP, when exercising its discretion to award sentence reductions, treated petitioner differently than other similarly situated inmates, petitioner has not stated that his custody is unconstitutional. At best, petitioner may have stated an equal protection claim. But I will not convert petitioner's habeas petition into a civil suit. *See Lopez v. Rios*, 553 F. App'x 610, 611 (7th Cir. 2014) (citations omitted) ("We have urged district courts to honor a prisoner's choice of claim and cautioned against converting collateral actions into other civil actions

4

(because of the varying requirements and restrictions concerning inmate litigation, depending on the statute invoked)."); *see also Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) (deciding that the petitioner's complaint was "not amenable to conversion" because the named respondent (the warden) would almost certainly not be the correct defendant were the court to convert the claim to one pursuant to 42 U.S.C. § 1983). Here, the respondent—the warden of petitioner's institution—would likely not be the proper defendant for a civil rights claim. I will therefore dismiss this petition. But my dismissal will be without prejudice to petitioner pursuing his claim in a new civil rights suit. Any new suit would be governed by the provisions of the Prison Litigation Reform Act. Specifically, petitioner would be required to pay a filing fee ($400) and could be assessed a "strike" if the court determines that his suit is frivolous, malicious, or fails to state a claim upon which relief may be granted.

## ORDER

IT IS ORDERED that:

1. Petitioner Musaaleh Muhammad's petition for a writ of habeas corpus, Dkt. 1, is DISMISSED without prejudice.

2. The clerk of court is directed to close this case.

Entered August 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5